UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YALON MOORE,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/

No. 12-15646

District Judge Mark A. Goldsmith

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

      This is a Social Security Disability appeal brought under 42 U.S.C. § 405(g). Before the Court is Defendant Commissioner's Motion to Dismiss [Doc. #11], based on Plaintiff's failure to commence this action within 60 days of the final decision of the Commissioner of Social Security. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendant's Motion be GRANTED, and that the Complaint be DISMISSED.

**I.    FACTS**

      According to the unopposed Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review, Office of Disability Adjudication and Review, Social Security Administration[1], an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for disability benefits under Title II of the Social Security Act on August 10, 2011, and mailed a copy to Plaintiff on that date. *Herbst Declaration*, ¶ 3(a). Plaintiff

---

[1] Mr. Herbst's Declaration and supporting exhibits are appended to Defendant's Motion to Dismiss [Doc. #11]

requested review, and on October 17, 2011, the Appeals Council denied review. On that same date, the Appeals Council mailed Plaintiff notice of its decision and of the right to commence a civil action within sixty (60) days from the date of receipt. *Id.* Mr. Herbst states that he "is not aware of any request for an extension of time to file a civil action as specified in said notice and in section 205(g) of the Social Security Act...." *Id.* ¶ 3(b).

Plaintiff filed her civil complaint in this Court on December 26, 2012. She acknowledges within the Complaint [Doc. #1] that it may not have been timely filed, and asks for an extension to file, stating:

> "The extension is in case this is considered late or past the 60 days, per Social Security. When I was able to call them they would not give me any information over the phone–I was always told it would come in the mail. I had my kids to call and they were told the same thing. I received it sometime in November. Apparently, it was delivered to the wrong house and the neighbor brought it over to my children to give to me." *Id.*

In her response to the Defendant's Motion to Dismiss [Doc. #14], Plaintiff states that "the reason Plaintiff's Complaint was filed late was because she never received the original denial letter to her claim." *Plaintiff's Response*, ¶ 2. She states that when she contacted the Social Security Administration regarding her claim, she was told "that a denial letter had been sent out a few weeks prior." *Id.* ¶ 3. Contrary to her statement in her Complaint that she received the decision sometime in November, she contends in her Response that "[b]y the time Plaintiff received the denial letter the time period for filing a formal Complaint had already expired." *Id.* ¶ 5. She states that she later learned that the denial letter was mis-delivered to a neighbor's house, *Id.* ¶ 6, and that "the untimely filing was not due to any neglect on her part but was due to a mix-up with the mail and she in fact never received the original denial letter in a timely fashion." *Id.* ¶ 7.

## II. LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeal Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.' " *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007) (quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in

remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III.   DISCUSSION

The Appeals Council mailed its Notice of Action to Plaintiff on October 17, 2012. Adding the five days for mailing, the 60-day period to file for judicial review expired on December 21, 2012. Thus, it is clear that Plaintiff filed her complaint five days past the statutory deadline, and her complaint must be dismissed unless she can show entitlement to equitable tolling. Applying the five *Cook* factors, I find that she has not carried her burden of showing entitlement to equitable tolling.

The lack of actual notice and the lack of constructive knowledge of the filing requirement can be considered together.  In her Complaint, Plaintiff states that although the Appeals Council's notice was mistakenly sent to a neighbor's house, the neighbor brought it to her children, and she received it "sometime in November."  Thus, even if she received the notice on the last day of November, she still had three weeks to either file her Complaint or request an extension to do some from the Appeals Council. In fact, the Notice of Appeals Council Action that she received clearly states, "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request."[2]  By her own admission, Plaintiff had actual notice of the filing requirement at least 21 days before the time for filing expired.

Plaintiff was not diligent in pursuing her rights. The form for a Petition for Judicial

---

[2] The Appeals Council Notice is appended to Defendant's Motion as Exhibit 2 to Mr. Herbst's Declaration.

Review is not complex, and can be filled out fairly easily by a non-lawyer. I note that both Plaintiff's Complaint and her response to the Motion to Dismiss are typed, well-written, brief, and appear to be in a standard legal format. The Complaint could have been filed between when Plaintiff received the Notice in November and the due date of December 21, 2012. And even if Plaintiff needed additional time, she was clearly on notice that she could request an extension from the Appeals Council. She did not do so.

There would be little discernable prejudice to Defendant in permitting Plaintiff to file her Complaint five days later. However, in affirming the dismissal of a complaint that was only one day late, the Sixth Circuit in *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007), stated:

> "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."

As to the fifth and final factor–Plaintiff's reasonableness in remaining ignorant of the filing deadline–she was clearly *not* ignorant of the deadline, as evidenced by her Complaint, wherein she concedes that she is not filing timely.

Again, equitable tolling is to be granted sparingly, and only upon a showing of exceptional circumstances. *Jackson v. Astrue, supra*; *Graham Humphreys*, *supra*. In light of the five *Cook* factors, Plaintiff has not made out a meritorious claim for equitable tolling, and her Complaint should therefore be dismissed as untimely.

##        IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #11] be GRANTED, and that the Complaint be DISMISSED.

Any objections to this Report and Recommendation must be filed within 14 days

of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 17, 2013            s/ R. Steven Whalen
                                R. STEVEN WHALEN
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on June, 18, 2013, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Relief Case Manager for the Honorable
                                R. Steven Whalen